## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**ANDRE DRAPER-EL**                                                                                       **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 3:09CV-P78-S**

**LIGGETT MORRIS** *et al.*                                                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

### I.

Plaintiff, Andre Draper-El, a convicted inmate currently incarcerated at the Green River Correctional Complex (GRCC), filed this action against Captain Liggett Morris, Grievance Coordinator Shauna Nelson and Warden Nancy Doom. Plaintiff claims that for a week in January 2009, Defendants Liggett and Doom denied him and other inmates at the GRCC hot food, hot water and heat in violation of their Eighth Amendment right to be free from cruel and unusual punishment.[1] He further claims that Defendant Nelson improperly rejected grievances that he and other prisoners filed concerning the incident. He is seeking injunctive relief as well as compensatory and punitive damages.

After filing his complaint, Plaintiff filed a motion seeking all relief demanded in the civil action based on Defendants' failure to file an answer (DN 6). When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

---

[1] Plaintiff styled the caption of his complaint "Andre Draper-El et al." "El al." is an abbreviation of the Latin "et alius" meaning "another or others." The law is well established that *pro se* prisoners are not able to represent fairly a class. *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001). Furthermore, Plaintiff's complaint is devoid of any indication that he is seeking class action status, and he did not list any other individuals as plaintiffs in the party section of his complaint. Thus, Mr. Draper-El is the only proper plaintiff to this action and only his individual claims are at issue.

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  This preliminary review must occur before the Court directs service of the complaint on any defendant.  Proper service of a complaint is what triggers a defendant's obligation to file an answer or other responsive pleading.  *See* Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer: within 20 days after being served with the summons and complaint.").  Because the Court had previously not directed service of the complaint on any Defendant to this action, Defendants were not obliged to file answers.  As such, Plaintiff's motion for all relief (DN 6) is **DENIED**.

The Court will now proceed to conduct the required *sua sponte* review of Plaintiff's complaint.  For the reasons set forth below, the Court will dismiss Plaintiff's claim against Defendant Nelson for failure to state a claim upon which relief may be granted and will allow Plaintiff's claims against Defendants Morris and Doom to proceed for further development.

**II.**

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488

(quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48(1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

Plaintiff cannot satisfy the first element with respect to his claim against Defendant

Nelson. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the handling of a grievance, a plaintiff fails to allege that his constitutional or civil rights have been violated. *Id.*

Because Plaintiff's allegations against Defendant Nelson relate only to how she handled his grievances, Plaintiff has not stated a § 1983 claim against her upon which relief may be granted. Accordingly, the Court will dismiss Plaintiff's claims against Defendant Nelson.

## IV.

For the reasons set forth above, the Court will enter an Order dismissing Defendant Nelson and a separate Order directing service on Defendants Morris and Doom.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4411.008