# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

ANDRE DRAPER-EL                                                    PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:09CV-P78-S

LIGGETT MORRIS *et al.*                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on six motions filed by *pro se* Plaintiff Andre Draper-El: 1) a motion requesting discovery (DN 12); 2) a motion for discovery (DN 14); 3) a motion requesting documents (DN 15); 4) a motion to deny the answer to the complaint (DN 17); 5) a motion to appoint counsel (DN 18); 6) and a motion for leave requesting all relief in the complaint (DN 19). To place the motions in the proper context, the Court will briefly review the procedural history of this case.

Plaintiff, a convicted inmate currently incarcerated at the Green River Correctional Complex (GRCC), filed this action against Captain Liggett Morris, Grievance Coordinator Shauna Nelson and Warden Nancy Doom. Plaintiff claimed that for a week in January 2009, Defendants Liggett and Doom denied him and other inmates at the GRCC hot food, hot water and heat in violation of their Eighth Amendment right to be free from cruel and unusual punishment. Upon review of the complaint under 28 U.S.C. § 1915A, the Court dismissed Plaintiff's claim against Defendant Nelson for failure to state a claim upon which relief may be granted and allowed Plaintiff's claims against Defendants Morris and Doom to proceed for further development. The Court then entered a Scheduling Order to govern the development of the surviving claims (DN 9). Both Defendants waived service and have now filed answers (DN 16).

**Motions seeking discovery**

Plaintiff has requested the Court to direct Defendants to provide him with documents and to answer interrogatories.  Plaintiff is **INSTRUCTED** that pursuant to Federal Rules of Civil Procedure 33 and 34, the Plaintiff does not need a court order to request Defendants to provide him with documents or to answer interrogatories.  Plaintiff need only serve his requests on Defendants' counsel.  Accordingly, Plaintiff motions (DNs 12, 14, and 15) are **DENIED**.  The Clerk of Court is **DIRECTED** to mail a copy of the motions (DNs 12, 14, and 15) to counsel of record for Defendants.  Counsel shall treat the motions as discovery requests pursuant to Rules 33 and 34.  **Counsel shall tender responses and/or objections to Plaintiff within 30 days of the date of this Order.**

## Motion to deny answer

Plaintiff has requested this Court "to deny the Commonwealth list of answer . . . [and] to gant the plaintiff lawsuit."  Defendants were required to file an answer.  There is no reason to strike the answer.  The Court will adjudicate this matter in due course.   Accordingly, Plaintiff's motion (DN 17) is **DENIED**.

## Motion to appoint counsel

Litigants do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Rather, appointment of counsel lies exclusively within the court's discretion.  Appointment of counsel is justified only in exceptional circumstances. *Id.* at 606.  To determine whether exceptional circumstances exist, the Court must consider the complexity of the issues involved and the ability of the plaintiff to represent himself. *Id.*  The Court finds that the complexity of the legal issues in this case does not necessitate the appointment of counsel at this time.  Further, based on the pleadings filed thus far, it appears that Plaintiff is able to access the Court and to represent himself.  Plaintiff's

pleadings are coherent and legible, reflecting his ability to express himself to the Court. Thus, the Court concludes that Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel at this time. As such, Plaintiff's motion for appointment of counsel (DN 18) is **DENIED**.

**Motion for leave requesting all relief in civil complaint**

This action is in the discovery stage. Neither party has moved for summary judgment and there has been no determination that Defendants are liable to Plaintiff. Accordingly, Plaintiff's motion (DN 19) is **DENIED**.

Date: February 26, 2010

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Counsel of record
4411.008